TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00675-CV







Star Houston, Inc., Appellant


v.


Texas Department of Transportation, Motor Vehicle Division; Saab Cars U.S.A., Inc.; and
Momentum BMW, Limited, Appellees





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT

NO. 95-14402, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING






 Appellant Star Houston, Inc., is a car dealer in Houston, Texas, that sold Saab vehicles
until late 1995 pursuant to a franchise agreement with appellee Saab Cars U.S.A., Inc. In early 1995,
Saab sought to enter into a franchise agreement with appellee Momentum BMW, Ltd., to sell Saab vehicles
in Houston. Momentum accordingly applied for a license to sell Saab cars. See Tex. Rev. Civ. Stat. Ann.
art. 4413(36), § 4.06 (West Supp. 1997) ("Texas Motor Vehicle Commission Code" or "TMVC Code"). 
After an administrative proceeding, the Motor Vehicle Division of the Texas Department of Transportation
("the Commission") (1) issued an order finding good cause to issue a license to Momentum. 

 Star challenged the issuance of the license and brought an administrative appeal of the order
in district court. Star also brought a declaratory judgment suit in conjunction with the administrative appeal. 
The district court affirmed the Commission's order and Star again appeals to this Court. We will dismiss
the cause because Star no longer has standing to protest the issuance of Momentum's license.

 At the same time Star was protesting Momentum's application for a license, Saab was
embroiled in a separate administrative proceeding before the Commission over Saab's proposal to
terminate Star's franchise. On September 7, 1997, the Commission issued a final order finding good cause
to terminate Star's Saab franchise. The Commission subsequently revoked Star's license to sell Saab
vehicles. Star sought judicial review of both actions in district court. The district court upheld the
Commission's actions. Star appealed that decision in a companion case, which we also decide today. See
Star Houston, Inc. v. Texas Dep't of Transp., Motor Vehicle Div. and Saab Cars U.S.A., Inc., No.
03-96-676-CV (Tex. App.--Austin Oct. 16, 1997, no writ h.) (affirming the Commission's order
terminating Star's franchise to sell Saab vehicles).

 The TMVC Code provides that a dealer who is franchised to sell a certain make of car has
standing to protest the issuance of a license to another dealer to sell the same make if the applicant dealer
is within a certain geographical proximity to the protesting dealer. See TMVC Code § 4.06(d). Star no
longer has a franchise to sell Saab cars and therefore no longer meets the requirements of the TMVC Code
standing provision for purposes of challenging other Saab franchises. Furthermore, we have reviewed the
pleadings and evidence and determined that, even when viewed in favor of Star, the record no longer
evidences any justiciable controversy between Star and the other parties in this proceeding. See Texas
Ass'n of Business v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993) (when determining
standing for first time on appeal, appellate court must view record in favor of appellant). 

 Standing is a component of subject matter jurisdiction and without it, we may not entertain
the case. Id. at 443-446. Consequently, we vacate the trial court's judgment and dismiss this cause.



 _____________________________________________

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Judgment Vacated and Cause Dismissed

Filed: October 16, 1997

Do Not Publish
1. The Motor Vehicle Board of the Texas Department of Transportation is also known as the Texas
Motor Vehicle Commission. Tex. Rev. Civ. Stat. Ann. art. 4413(36), § 2.01(b) (West Supp. 1997).



RD DISTRICT, AT AUSTIN






NO. 03-96-00675-CV







Star Houston, Inc., Appellant


v.


Texas Department of Transportation, Motor Vehicle Division; Saab Cars U.S.A., Inc.; and
Momentum BMW, Limited, Appellees





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT

NO. 95-14402, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING






 Appellant Star Houston, Inc., is a car dealer in Houston, Texas, that sold Saab vehicles
until late 1995 pursuant to a franchise agreement with appellee Saab Cars U.S.A., Inc. In early 1995,
Saab sought to enter into a franchise agreement with appellee Momentum BMW, Ltd., to sell Saab vehicles
in Houston. Momentum accordingly applied for a license to sell Saab cars. See Tex. Rev. Civ. Stat. Ann.
art. 4413(36), § 4.06 (West Supp. 1997) ("Texas Motor Vehicle Commission Code" or "TMVC Code"). 
After an administrative proceeding, the Motor Vehicle Division of the Texas Department of Transportation
("the Commission") (1) issued an order finding good cause to issue a license to Momentum. 

 Star challenged the issuance of the license and brought an administrative appeal of the order
in district court. Star also brought a declaratory judgment suit in conjunction with the administrative appeal. 
The district court affirmed the Commission's order and Star again appeals to this Court. We will dismiss
the cause because Star no longer has standing to protest the issuance of Momentum's license.

 At the same time Star was protesting Momentum's application for a license, Saab was
embroiled in a separate administrative proceeding before the Commission over Saab's proposal to
terminate Star's franchise. On September 7, 1997, the Commission issued a final order finding good cause
to terminate Star's Saab franchise. The Commission subsequently revoked Star's license to sell Saab
vehicles. Star sought judicial review of both actions in district court. The district court upheld the
Commission's actions. Star appealed that decision in a companion case, which we also decide today. See
Star Houston, Inc. v. Texas Dep't of Transp., Motor Vehicle Div. and Saab Cars U.S.A., Inc., No.
03-96-676-CV (Tex. App.--Austin Oct. 16, 1997, no writ h.) (affirming the Commission's order
terminating Star's franchise to sell Saab vehicles).

 The TMVC Code provides that a dealer who is franchised to sell a certain make of car has
standing to protest the issuance of a license to another dealer to sell the same make if the applicant dealer
is within a certain geographical proximity to the protesting dealer. See TMVC Code § 4.06(d). Star no
longer has a franchise to sell Saab cars and therefore no longer meets the requirements of the TMVC Code
standing provision for purposes of challenging other Saab franchises. Furthermore, we have reviewed the
pleadings and evidence and determined that, even when viewed in favor of Star, the record no longer
evidences any justiciable controversy between Star and the other parties in this proceeding. See Texas
Ass'n of Business v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993) (when determining
standing for first time on appeal, appellate court must view record in favor of appellant). 

 Standing is a component of subject matter jurisdiction and without it, we may not entertain
the case. Id. at 443-446. Consequently, we vacate the trial court's judgment and dismiss this cause.



 _____________________________________________

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Judgment Vacated and Cause Dismissed

Filed: October 16, 1997